counsel you may proceed good morning your honors Janet Tong federal defenders here for Miss Pilgrim I'd like to talk about the 404 B issue today I'm going to try to keep my eye on the clock and just try to save some time for rebuttal very well the marijuana arrest evidence should never have been admitted in Miss Pilgrim's trial could you speak could you speak just a little more loudly please or get closer to the microphone I'm sorry judge Ginson it should work pretty well if you stand in the middle because they're aimed at the speaker but you're gonna have to speak a little louder if you don't mind yes I'll try to speak up great thank you so the marijuana arrest evidence should never have been admitted in this Pilgrim's trial because it was it was character evidence plain and simple let me let me say this as I stand before you here today we've been through two rounds of briefings two trials full two rounds of two trials and full appellate briefing and we still don't know what the government's precise evidential hypothesis is that ties that arrest evidence to the element that had to be proven the knowledge of the existence presence of drugs in a hidden compartment in in the car a person who smuggles drugs once is more likely to do it again a month later that's exactly my point your honor it's a character evidence well it means that it's not a mistake it's not an accident it's not oh my gosh someone put this in here without my knowledge it's just amazing to me that it's there and your honor I think that's what that is is that's the exact pattern that propensity shows is it's that's what 404 a prohibits from coming into trial she did it where the act is similar it's close in time and it's similar and the most likely defense to a crime of this kind is I had no idea it was in there why isn't that permissible your honor you raise you raise a very good point which is similarity is a very important part of the 404 B analysis but what the case has come back to is that what the similarity has to relate to is the evidential hypothesis the government's required to present under Mayans and under this court's cases over and again there has to be a logical connection other than just saying the words knowledge or absence of mistake I agree with with your honor a hundred percent that there is absolutely 401 relevance sure that there's a there's a natural inference if miss Pilgrim was found with with drugs in the car one time she did it once therefore she did it again but is was the similarity enough well the only way we'll know that is if we if we know what the evidential hypothesis is now in in suppose it's knowledge and absence of mistake suppose it's knowledge and absence of mistake so so if if what's what's to be proven is is as the government has just basically said is knowledge and absence of mistake what the cases that have permitted evidence to come in have shown is that there is some kind of notice in court notice inquiry that's a burden that's placed on the defendant because of certain characteristics of the first prior act for example in I don't understand what you're trying to tell us what would make it enough in your view similar enough to have permitted this evidence to come in as a prior act evidence I think that's a very good question and this miss Pilgrim the first time she came in a van and the roof of the van was just a little bit lower there's a secret compartment in the roof dome white was missing and she drove up and to the border and marijuana was discovered hidden in the in the roof compartment now she'd come up the second time and she's arrested and she was was let go and if she'd come up the second time in the trial in this case and she'd come up in a van where the roof was lower or a dome light was missing she so in your view it has to be so similar that the exact same kind of secret compartment has to be identical that is one type of similarity that would be permissible if if that were the government's theory of relevance of materiality is if she was put on either notice inquiry or notice inquiry to look further into the the car that she had she had bought and let out of her possession if she'd she'd have these these factors that should have ticked her off the first time for example you know what what what we've just been talking about or if she had if there'd been a similar set of factual circumstances if somebody had told her the first time somebody had sold her the car and this had happened and they and the second time was a similar seller and the same fact patterns had come up well sure she could be expected to know the second time around that's what would make this this kind of evidence relevant now Garcia Orozco says that the fact of discovering drugs in in in a defense the defendant's car the first time around doesn't put the defendant on notice that every single future car he or she rides in has to might contain drugs now that's that's really what's missing here your honor I think there's there's there's nothing to show for it and and if we boil it down so if we if we look for something that's just a little bit more than just saying this was knowledge or this was absence of mistake what we end up with is is character evidence it's propensity well what you're trying to do it seems to me is sort of weed out the concept of absence of mistake I think your absence of mistake is is is is actually well elucidated in in for example the the well the Garcia Orozco case as well as the First Circuit's case and I I think it's it's a Aguilar where the absence of mistake is really about this this kind of notice burden what did the defendant learn the first time for defendant is trying to claim if miss Pilgrim was trying to claim that she didn't know what cocaine looked like or she didn't know what marijuana looked like and the first incident showed that she in fact does she's got familiarity with this this type of substance she can't claim knowledge lack of knowledge or absence of mistake as to the identity or the nature of the contraband that's being smuggled I think that's where absence of mistake and really you know that's where that kind of evidence really comes in and that's that's not claiming that she's she was being admitted is evidence that she was arrested with what was her theory what was her claim in this in the second trial in this trial I'm sorry in the the the cocaine was in a was in a compartment in the car that she'd let she basically bailed to somebody who was her ex-husband who was a mechanic and he was asked to fix the car and he had the car for a few days and she got the car back in this this compartment was so well concealed that so she's claiming surprised to me that there's drugs in a secret compartment that's correct she's claiming she did not know so why isn't it sufficiently similar that she previously brought drugs to the same crossing in a secret compartment within a month of the same event well I believe your honors are correct that is relevant because if she does that you know she's done it before once in a secret compartment she's you know she's more likely to have done it again because she's a bad person no because it's a similar act I guess what I don't understand is your requirement for similarity is that it can only be the the low roof it can't be a side compartment and if that's true you know you can never have previous act evidence for somebody who regularly brings in drugs but one time it's the driver's side door the next time it's the passenger door the third time it's the you know secret thing in the trunk and those aren't similar I mean that's kind of where you're sending us I disagree your honor on on several points and the first and the first I've already I've already discussed which is that there's the the hypothesis is lacking what is the presence of the contraband in the first car tell her what did it do to make her know that that that other that other evidence is there I would disagree on that element and the other the other thing I'd like to point out your honor is that if we take a look at the cases where the evidence has been similarities not the speaking of other cases what about Vivo Rodriguez well I'm glad your honor brought that up because that's kind of where that's where I was getting to which is that holds against you does and Vivo Rodriguez was expressly distinguished by Garcia Orozco on the principle of lack of sufficiency and certainty of the of the prior act because people in Vivo Rodriguez and I'm running out of time right in Vivo Rodriguez the defendant had not only been convicted of the prior act if you take a look at the the cases like Vivo Rodriguez and the cases that are that permit the evidence to be admitted those cases to a T involve the conviction or admissions by the defendant of guilt for the prior act and in Vivo Rodriguez that case I think that case is significant because there's even more evidence than just the fact of the prior conviction in Vivo Rodriguez in that case the defendant had had not only admitted and been admitted to the but he'd also he'd also told police officers that he had engaged in multiple smuggling activities smuggled not only marijuana but cocaine and and these two the two and so the significant difference is the admission or the conviction is that what you're saying I'm saying that those that's what distinguishes the cases on a certainty prong within the four factors that have to be taken into account in the 404 B analysis that exactly your honor that distinguishes those cases from what's here but it all goes back down to the fact that there's nothing there's there's a lack of evidential hypothesis and you cannot look at the factors the sufficiency the temporal proximity and them and the similarity without keeping that in mind Thank You counsel your time has expired thank you we'll hear from the government my name is Jason Forge I'm here on behalf the United States you know I'd like to pick up where judge Graber and judge Scanlon left off because I think the questions you were asking and the responses you received flushed out what the defense position really is here and that is that it's virtually impossible to admit 404 B evidence and that is the direct opposite of what the cases hold and that was first it was first announced by the Supreme Court in the Huddleston case ten years ago explaining that rule 404 B is rule of inclusion not exclusion and we were reminded of that principle last year by this court sitting on bonk in the curtain case again this court reminded us that according from the curtain case rule 404 B is a rule of inclusion not exclusion which references at least three categories of other acts encompassing the inner workings of the mind motive intent and knowledge once it has been established that the evidence offered serves one of these purposes the relevant Advisory Committee quotes committee notes make it clear that the only conditions justifying the exclusion of evidence are those described in rule 403 judge Graber I think you hit the nail on the head here with the questions about the similarity here what this pilgrim is doing here is she's essentially arguing that it's insignificant a number of similarities that separate these two incidents from the myriad other ways of smuggling drugs into the country first of all drugs can come into this country through any coastal state through any northern or southern border state yet here in these two instances they both came in into California in the Southern District of California drug to be bought and brought into the state by plane by commercial carrier by boat by person yet in this instance they both came in by an automobile the drug is even within an automobile can be concealed in a gas tank in the door panels in an engine not in the non factory-built compartment yet in this case both instances involved in non factory-built compartment in the vehicles there is striking similarity here and I use that language carefully because that's the exact same language that was used by this court in the Rubio Villarreal case striking similarity in that case the passage of time was three years not three months as here and as this court has held that when the similarity must be greater but if you look at the facts of the Rubio Villarreal case you'll see that in that instance the defendant had two additional passengers in the vehicle whereas here there were none the vehicle was not owned by the defendant whereas here the vehicle was owned by the defendant and I would submit that the minor and they are very minor differences here the fact that was cocaine versus marijuana that has already been ruled by this court in both Bebo Rodriguez and in Rubio Villarreal to be an insignificant distinction what is important and what this court reminded us of in Bebo Rodriguez is the nature of the act the importation of a commercially distributable quantity of narcotics and that's what happened here both times and again maybe if we take this out of the drug context it would be easier for me to expose what I think is an unreasonable argument by the defense let's say that I had in my basement in an ice chest the body of a woman who had been strangled and that was discovered I said wow I had no idea there was a body of a woman who had been strangled in my ice chest and then in my basement and then three months later the body of a man who had been beaten to death with a bat was found in my attic now I think most people drawing on human experience would say each one of those events informs the other as to my knowledge of the presence of those bodies it's just beyond the pale not because I have a bad character it's just too improbable for lightning to strike twice that I didn't know about a body in my basement and I didn't know about a body in my attic and I guess the defense argument in that context would be well wait a minute that first body was because you're getting very close to propensity here no yeah I don't think so because it's not saying anything about my character it's saying that and that's what I mean by one informs the other it's saying that look it's a very improbable improbable circumstance as this court is held in USD Whitehead we didn't cite in our papers but we didn't cite USB barbosa for the same concept we have an individual driving in a vehicle that contains a substantial quantity of narcotics those facts alone particularly here where it's the registered owner and it's the sole occupant of the vehicle those facts of loan have been deemed to be overwhelming evidence of knowledge in fact I think in Whitehead this court said virtually conclusive so a denial in those contexts is very improbable and then when you have the same thing happening three months later that makes the first denial even more even less probable and the second denial less probable it's it's not a matter of propensity it's a matter of probability and when you look at the record of this case I think you'll see this was not remotely presented as a propensity case we had a 41 year old defendant and these two incidents the incident that had her on trial and the prior incident were presented as completely isolated events in her life there was no attempt whatsoever to portray her as being a bad care of bad character somebody who's prone to do this kind of thing and just to emphasize that let me quote from you the rebuttal argument the portion the entire portion of the rebuttal argument that dealt with this evidence just to underscore that we were not talking about propensity here this is at page 120 of the excerpts of records I leave that to you I'm sorry and when you're considering all that defense counsel asked you not to consider the February 27 2006 arrest for 100 pounds of marijuana I leave that to you to decide the importance of that but you can use that only for knowledge or the absence of mistake but just remember the facts in this case no mention of Blanco very similar facts very similar story in a Toyota minivan that she said she owned again this is not we're not saying this is a bad person she would do this no matter what the crime is convict her of it because she's just a bad apple no it just goes to the very very similar circumstances of the first instance and the second and another way to underscore the difference between a case like Garcia Orozco which I don't understand how the defense can rely on Garcia Orozco the prior incident the defendant was a passenger in a car that was pulled over by the California Highway Patrol it wasn't his car and he wasn't driving it the driver got out and ran and so he got out and ran they were both later apprehended and it turned out that there was heroin in the door of the vehicle several years later the defendant was caught himself driving a load of drugs into the United States the two had virtually nothing to do with each other one was an importation the other was not one the defendant was a driver the other he was just a passenger there one told nothing about the other in terms of knowledge or absence of mistake as we had here and regarding the argument concerning certainty I would submit that virtually all of the defense arguments here go to the weight of the evidence not to its admissibility and just to since we don't get a chance to reply to the reply brief counsel made the claim here and she made it in her reply brief that we've cited no case in which the other act evidence was admitted when it hadn't been established by either a confession or conviction that's just not true there were six cases Beckman that was a case in which the cooperator testified by the defendants many other instances of importing drugs Hollis that was the crack cocaine case in Alaska in which another cooperator testified about the defendant selling drugs on numerous occasions Mayans that case was reversed on other grounds not on the 404 B grounds another case in which a that was a case in which there was expert testimony and documentary evidence showing the defendant renting cars in a very similar mo to the charge defense Kahan that was another case we cited in which there were prior instances of evidence was submitted based on agent testimony of prior instances of selling stolen goods these are all cases even Huddleston the Supreme Court case the prior acts in that case were not proved by conviction or admit or admission they were proved by by testimony from an agent and by another witness who had purchased stolen goods from the defendant previously so your honor I think thank you counsel your time has expired thank you the case just argued will be submitted for decision we will now hear case of United States versus Santana
judges: O'scannlain, Graber, Gibson